UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PUTNEY, INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PFIZER INC. AND )<br>MWI VETERINARY SUPPLY, INC., )<br>)<br>    Defendants. ) | Civil Action<br>Docket No. 2:07-cv-_____ |

**COMPLAINT FOR DAMAGES,**
**DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF**

Plaintiff, Putney, Inc. (hereinafter "Putney"), by and through its undersigned counsel, hereby makes this Complaint against Defendants Pfizer Inc. ("Pfizer") and MWI Veterinary Supply, Inc. ("MWI") (together, "Defendants"), in support of which Putney states as follows:

**Parties and Jurisdiction**

1.  Putney is a Delaware corporation with a principal place of business located at 120 Exchange Street, Portland, Maine 04101.

2.  On information and belief, Pfizer is a Delaware corporation with its world headquarters located at 235 East 42nd Street, New York, New York 10017.

3.  MWI is a Delaware corporation with a principal place of business located at 651 S. Statford Drive, Suite 100, Meridian, Idaho 83642.

4.  This action arises under, *inter alia*, the Lanham Act, 15 U.S.C. § 1051 et seq.; the Animal Medicinal Drug Use Clarification Act of 1994 ("AMDUCA"), Pub. L. No. 103-396, 1994 U.S.C.C.A.N. 4153 (codified at 21 U.S.C. § 360(b)); the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the common law and statutory law of the State of Maine.

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Putney's state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendants because they conduct substantial business in, and have regular and systematic contact with, this District; because they have purposefully availed themselves of the privileges of conducting activities within this District; and because the unlawful conduct complained of herein was committed against, and has harmed and damaged, a party located in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(c).

### Factual Background

8. Putney is engaged in the business of selling pharmaceuticals for veterinary use.

9. MWI is engaged in the business of distributing pharmaceutical products for veterinary use.

10. On information and belief, Pfizer is the world's largest manufacturer and seller of human pharmaceuticals and the world's largest manufacturer and seller of veterinary pharmaceuticals.

11. Upon information and belief, MWI has a business relationship with Pfizer regarding veterinary products including pharmaceuticals for veterinary use.

12. Pfizer purportedly holds market exclusivity for the veterinary-approved product Simplicef™ (cefpodoxime proxetil), which exclusivity, upon information and belief, expires on July 22, 2009.

13. Cefpodoxime proxetil is an anti-infective.

14. In accordance with applicable laws, Putney sells a generic version of a human-approved form of cefpodoxime proxetil to veterinary practices and distributors (the "Putney Product").

15. Putney and MWI entered into a certain Distribution Agreement dated as of December 1, 2006 (the "Distribution Agreement") whereby MWI agreed, *inter alia*, to sell and distribute the Putney Product to veterinarians throughout the United States. A true and correct copy of the Distribution Agreement is attached hereto as <u>Exhibit A</u>.

16. The term of the Distribution Agreement is from January 1, 2007, to and including December 31, 2007.

17. The Distribution Agreement contains a confidentiality provision, which, *inter alia*, prohibits MWI from disclosing "confidential information" and the terms of the Distribution Agreement to any third party.

18. Upon information and belief, in the first half of 2007, Pfizer became aware that MWI was distributing the Putney Product. Also upon information and belief, in the first half of 2007, Pfizer and MWI had discussions, either directly or indirectly, regarding MWI's distributing arrangement as set forth in the Distribution Agreement with Putney for the Putney Product.

19. Upon information and belief, upon learning of MWI's distributing arrangement with Putney, Pfizer notified MWI, either directly or indirectly, that (i) Putney was purportedly engaged in the "illegal" promotion and sale of the Putney Product in violation of Pfizer's exclusive rights with respect to the cefpodoxime proxetil approved for animal use in the United States; and (ii) that Pfizer would curtail Pfizer's business relationship with MWI unless MWI stopped distributing the Putney Product.

20. Putney has received information that MWI informed customers (both existing and potential) and others that (i) MWI was no longer selling the Putney Product, and (ii) that there were purported regulatory issues with the Putney Product.

21. On or about April 26, 2007, MWI instructed its sales force that "[e]ffective immediately and until further notice, MWI will stop offering Putney's Cefpodoxime Proxetil Tablets. This change is not related to any product quality concerns, but is rather the result of our own review of certain regulatory issues for distributors."

22. Thereafter, on April 30, 2007, John Ryan, the Vice President of Marketing for MWI, corresponded with MWI's Sales Representatives and stated that "[w]e have heard of isolated reports of vets being confused as to the reason for Putney's Cefpodoxime Proxetil being no longer available from MWI. It seems that some might believe that the product is on a recall (it is not on recall)."

23. On May 14, 2007, MWI notified Putney, in writing, of MWI's intent to stop distributing the Putney Product to any existing or potential customers other than one customer (Banfield). A true and correct copy of the May 14, 2007 letter from MWI to Putney is attached hereto as Exhibit B.

24. On or about May 29, 2007, Pfizer, through its counsel (Dechert LLP), contacted Putney by letter and, inter alia, Pfizer threatened to seek injunctive relief and other remedies against Putney arising from Pfizer's purported rights with respect to Simplicef™. A true and correct copy of the May 29, 2007 letter from Pfizer to Putney is attached as Exhibit C.

25. Upon information, MWI is also represented by Dechert LLP.

## COUNT I
### (Declaratory Judgment Against Pfizer and MWI under Lanham Act)

26.     Putney repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27.     There is an actual, substantial, and continuing justiciable case or controversy among Pfizer, MWI, and Putney regarding whether Putney has engaged in unfair trade practices, unfair competition and/or any other improper conduct subject to redress under the Lanham Act and other applicable laws in connection with the Putney Product.

28.     In a letter dated May 29, 2007, Pfizer accused Putney of, inter alia, "creating the false and misleading impression in the marketplace that Putney's promotion and sale of cefpodoxime proxetil . . . has been approved by the FDA and is otherwise in accordance with law.  These actions, as well as your willful violation of federal law, constitute unfair trade practices and unfair competition subject to redress under the Lanham Act and other applicable laws."

29.     Pfizer has threatened to seek injunctive relief and other remedies against Putney for these alleged acts.

30.     On information and belief, MWI, after communications with Pfizer, ceased performing under the Distribution Agreement purportedly based upon similar wrongful acts.

31.     Putney is not engaging, nor has it engaged, in unfair trade practices, unfair competition or any other act in connection with the Putney Product that would violate federal, state or common law.

32.     Putney is entitled to a judicial declaration that its actions have not and do not violate the Lanham Act or any other applicable federal, state or common law.

WHEREFORE, Putney, Inc. requests that this Court enter judgment in its favor and against Defendants Pfizer Inc. and MWI Veterinary Supply, Inc. as to Count I of the Complaint,

declaring that Putney's actions have not and do not violate the Lanham Act or any other applicable federal, state or common law.

## COUNT II
### (Declaratory Judgment Against Pfizer and MWI under AMDUCA)

33. Putney repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. There is an actual, substantial, and continuing justiciable case or controversy among Pfizer, MWI, and Putney regarding whether Putney has engaged in conduct illegal under AMDUCA in connection with the Putney Product.

35. In a letter dated May 29, 2007, Pfizer stated, inter alia, that "Putney promotes all of its generic drugs for use with animals.  In the case of cefpodoxime proxetil, this conduct is illegal."  Pfizer further asserts that Putney's "interpretation of AMDUCA is misleading and wrong.  AMDUCA allows veterinarians to use approved human drugs for extra-label use in animals under certain conditions.  It expressly does not allow unapproved manufacturers or distributors to promote or advertise the drug for extra-label use in animals — which is exactly what Putney is doing."

36. Pfizer has threatened to seek injunctive relief and other appropriate remedies against Putney for these alleged acts.

37. On information and belief, MWI, after communications with Pfizer, has ceased performing under the Distribution Agreement purportedly based upon similar wrongful acts.

38. Putney is not engaging, nor has it engaged, in conduct in connection with the Putney Product that would violate federal, state or common law, including AMDUCA.

39. Putney is entitled to a judicial declaration that its actions have not and do not violate AMDUCA.

WHEREFORE, Putney, Inc. requests that this Court enter judgment in its favor and against Defendants Pfizer Inc. and MWI Veterinary Supply, Inc. as to Count II of the Complaint, declaring that Putney's actions have not and do not violate AMDUCA.

## COUNT III
### (Deceptive Trade Practices – 10 M.R.S.A. 1211 et seq. – Against Pfizer)

40. Putney repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. By falsely representing to MWI that Putney was engaged in the "illegal" promotion of the Putney Product in violation of Pfizer's rights as to cefpodoxime proxetil in the United States, Pfizer willfully disparaged the goods, services or business of Putney in violation of Maine's Uniform Deceptive Trade Practices Act.

42. Upon information and belief, Pfizer made these misrepresentations to MWI to gain an unfair competitive advantage in the veterinary pharmaceutical market by pressuring MWI to refuse to distribute the Putney Product, thereby hindering and/or blocking Putney's ability to compete in the veterinary pharmaceutical marketplace.

43. Putney has been irreparably damaged and is likely to continue to be irreparably damaged by Pfizer's violation of Maine's Uniform Deceptive Trade Practices Act.

WHEREFORE, Putney, Inc., requests that this Court grant injunctive relief in its favor and against Defendant Pfizer Inc. enjoining Pfizer Inc. from making misrepresentations or otherwise disparaging Putney's products, and grant Putney reasonable attorney's fees.

## COUNT IV
### (Deceptive Trade Practices – 10 M.R.S.A. 1211 et seq. – Against MWI)

44. Putney repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. MWI falsely represented to the Customers that the Putney Product had regulatory issues and MWI therefore ceased selling the Putney Product thereby willfully disparaging the

goods, services or business of Putney in violation of Maine's Uniform Deceptive Trade Practices Act.

46. Putney has been irreparably damaged and is likely to continue to be irreparably damaged by MWI's violation of Maine's Uniform Deceptive Trade Practices Act.

WHEREFORE, Putney, Inc., requests that this Court grant injunctive relief in its favor and against Defendant MWI Veterinary Supply, Inc. enjoining MWI from making misrepresentations or otherwise disparaging Putney's products, and grant Putney reasonable attorney's fees.

## COUNT V
### (Tortious Interference with Contract – Against Pfizer)

47. Putney repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. By fraud or intimidation (by threatening to curtail Pfizer's business relationship with MWI unless MWI stopped distributing the Putney Product), Pfizer induced MWI to breach the Distribution Agreement.

49. MWI would have continued to perform its obligations under the Distribution Agreement but for the fraud or intimidation exercised by Pfizer over MWI.

50. As a result of Pfizer's tortious interference with the Distribution Agreement, Putney has sustained and will continue to sustain damages in an amount to be proven at trial.

WHEREFORE, Putney, Inc., requests that this Court enter judgment in its favor and against Defendant Pfizer Inc. as to Count V of the Complaint, and enter an award of damages in favor of Putney.

## COUNT VI
## (Breach of Contract – Against MWI)

51. Putney repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52. Pursuant to the Distribution Agreement, MWI was required to sell and distribute the Putney Product to veterinarians throughout the United States.

53. By refusing to sell the Putney Product to any customers other than Banfield, MWI has breached the Distribution Agreement.

54. As a result of this breach of the Distribution Agreement by MWI, Putney has been damaged in an amount to be proven at trial.

55. Likewise, by directly or indirectly disclosing the business arrangement contained in the terms of the Distribution Agreement to Pfizer, MWI is in breach thereof.

56. As a result of these breaches of the Distribution Agreement by MWI, Putney has been damaged in an amount to be proven at trial.

WHEREFORE, Putney, Inc., requests that this Court enter judgment in its favor and against Defendant MWI Veterinary Supply, Inc. as to Count VI of the Complaint, and enter an award of damages in favor of Putney.

## COUNT VII
## (Indemnification – Against MWI)

57. Putney repeats and realleges paragraphs 1 through 56 as if fully set forth herein.

58. The Distribution Agreement requires MWI to indemnify Putney for all losses, damages, or expenses, including its attorneys' fees, incurred in connection with this lawsuit.

WHEREFORE, Putney, Inc., requests that this Court enter judgment in its favor and against Defendant MWI Veterinary Supply, Inc. as to Count VII of the Complaint.

Dated at Portland, Maine, this 13th day of June, 2007.

               /s/ John A. Ciraldo, Esq.
               John A. Ciraldo, Esq.

               /s/ Jennifer H. Pincus, Esq.
               Jennifer H. Pincus, Esq.
               *Attorneys for Plaintiff, Putney, Inc.*

PERKINS THOMPSON, P.A.
One Canal Plaza, P.O. Box 426
Portland, ME  04112-0426
(207) 774-2635
jciraldo@perkinsthompson.com
jpincus@perkinsthompson.com

*Of Counsel:*

William A. Rakoczy, Esq.
Amy D. Brody, Esq.
Natalie G. Mitchell, Esq.
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 W. Hubbard Street
Suite 500
Chicago, IL  60610
(312) 222-6344
wrakoczy@rmmslegal.com
abrody@rmmslegal.com
nmitchell@rmmslegal.com

John D. Frumer, Esq.
Christie, Pabarue, Mortensen and Young, a Professional Corporation
100 Franklin Street
Boston, MA 02110
(617) 854-8315
JDFrumer@CPMY.com